GOLDSTEIN ET AL., APPELLANTS, *v.* CHRISTIANSEN, JUDGE, ET AL., APPELLEES.

[Cite as *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232.]

(No. 94–396—Submitted July 27, 1994—Decided September 14, 1994.)

234

*Schnorf & Schnorf Co., L.P.A.,* and *Barry F. Hudgin,* for appellants.

*Anthony G. Pizza,* Lucas County Prosecuting Attorney, and *Bertrand L. Puligandla,* Assistant Prosecuting Attorney, for appellee.

*Jones & Scheich, Christopher F. Jones, Richard A. Scheich* and *Martin B. Morrissey; Polese, Hiner & Nolan, Edwin A. Hiner, Patricia E. Nolan* and *Lynn M. Allen,* for intervening appellees Denton Tussing et al.

*Per Curiam.* Appellants assert in their first, third, fourth, and fifth propositions of law that the court of appeals erred in denying their request for a writ of prohibition where the common pleas court lacked personal jurisdiction over them. In order to obtain a writ of prohibition, relators must establish (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3)

that denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Koren v. Grogan* (1994), 68 Ohio St.3d 590, 629 N.E.2d 446. Since the parties agree that the first part of the foregoing test is satisfied here, *i.e.*, Judge Christiansen is about to exercise judicial authority over appellants by allowing the common pleas court case to proceed, at issue are whether Judge Christiansen's actions are unauthorized and an adequate legal remedy exists.

The court of appeals determined that appellants were not entitled to a writ of prohibition because they "have available to them the adequate legal remedy of appeal." Absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of a case possesses authority to determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. *State ex rel. Bradford v. Trumbull Cty. Court* (1992), 64 Ohio St.3d 502, 597 N.E.2d 116; *State ex rel. Pearson v. Moore* (1990), 48 Ohio St.3d 37, 548 N.E.2d 945. Similarly, the court has applied the same standard to issues of personal jurisdiction. *State ex rel. Ruessman v. Flanagan* (1992), 65 Ohio St.3d 464, 605 N.E.2d 31. Therefore, absent a patent and unambiguous lack of jurisdiction, appeal from a decision overruling a Civ.R. 12(B)(2) motion to dismiss based upon lack of personal jurisdiction will generally provide an adequate legal remedy which precludes extraordinary relief through the issuance of a writ of prohibition. *Id.;* see, also, *State ex rel. Smith v. Avellone* (1987), 31 Ohio St.3d 6, 31 OBR 5, 508 N.E.2d 162. Consequently, in determining if the court of appeals' judgment was erroneous, the dispositive issue is whether the court of common pleas patently and unambiguously lacked personal jurisdiction over appellants.

When determining whether a state court has personal jurisdiction over a nonresident defendant, the court is obligated to (1) determine whether the state's "long-arm" statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution. *U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 183–184, 624 N.E.2d 1048, 1051. Judge Christiansen concluded that the common pleas court had *in personam* jurisdiction over appellants because they had transacted business in Ohio and the assertion of personal jurisdiction comported with the Due Process Clause.

The complementary provisions of Ohio's "long-arm" statute, R.C. 2307.-382(A)(1) and Civ.R. 4.3(A)(1), authorize a court to exercise personal jurisdiction over a nonresident defendant and provides for service of process to effectuate that jurisdiction when the cause of action arises from the nonresident defendant's

"[t]ransacting any business in this state[.]" Because the [t]ransacting any business" phrase is so broad, the statute and rule have engendered cases which have been resolved on " 'highly particularized fact situations, thus rendering any generalization unwarranted.' " *U.S. Sprint, supra,* 68 Ohio St.3d at 185, 624 N.E.2d at 1052, quoting 22 Ohio Jurisprudence 3d (1980) 430, Courts and Judges, Section 280; see, also, *Wayne Cty. Bur. of Support v. Wolfe* (1991), 71 Ohio App.3d 765, 769, 595 N.E.2d 421, 424 ("test for minimum contacts is not susceptible to mechanical application; rather, the facts of each case must be weighed to determine whether the requisite affiliating circumstances are present").

The term "transact" as utilized in the phrase "[t]ransacting any business" encompasses " 'to carry on business' " and " 'to have dealings,' " and is " 'broader * * * than the word "contract" '." (Emphasis deleted.) *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 75, 559 N.E.2d 477, 480. It has been noted that in professional malpractice suits, in the absence of physical contact with the forum state, the defendant professional has almost always been found not to be transacting business under long-arm provisions. 1 Casad, Jurisdiction in Civil Actions (2 Ed.1991) 4–43 to 4–44, Section 4.02[1][a]. Nevertheless, it has been held that personal jurisdiction does not require physical presence in the forum state. *Kentucky Oaks Mall, supra;* see, also, *Ucker v. Taylor* (1991), 72 Ohio App.3d 777, 596 N.E.2d 507.

In the underlying common pleas court case, it appears that Judge Christiansen did not hold an evidentiary hearing on appellants' Civ.R. 12(B)(2) dismissal motion. Accordingly, he was required to view allegations in the pleadings and the documentary evidence in a light most favorable to the plaintiffs, resolving all reasonable competing inferences in their favor. See, generally, 1 Klein, Browne & Murtaugh, Baldwin's Ohio Civil Practice (1988) 57, Section T 3.04(G)(1); McCormac, Ohio Civil Rules Practice (2 Ed.1992) 145–146, Section 6.17; *Giachetti v. Holmes* (1984), 14 Ohio App.3d 306, 14 OBR 371, 471 N.E.2d 165. The allegations included that appellants actively participated in the general partners' decisions on the use of partnership funds, prepared and submitted misleading financial statements to the limited partners by mailing these statements to Ohio, and misrepresented to the limited partners that they were not aware of any misconduct by the general partners. Additionally, a substantial plurality of the limited partners/investors to whom appellants had a duty to mail financial statements, *i.e.,* ninety out of two hundred and ten, resided in the Toledo area.

Although appellants contend that they only owed a duty to the partnerships and not the individual limited partners, a partnership is an aggregate of individuals and does not constitute a separate legal entity. *Arpadi v. First MSP Corp.* (1994), 68 Ohio St.3d 453, 628 N.E.2d 1335, paragraph one of the syllabus. In a

limited partnership, the general partner owes a fiduciary duty to the limited partners, and a professional relationship established with one fiduciary, *e.g.*, a general partner, extends to those in privity, *e.g.*, a limited partner, regarding matters to which the fiduciary duty relates. *Id.* at paragraphs two and three of the syllabus. Therefore, appellants owed a fiduciary duty to the Ohio limited partners.

By engaging in a contractual relationship with limited partnerships of which half of the general partners resided in Ohio and obligating themselves to provide financial statements to limited partners, with a plurality residing in Ohio, it is not patent and unambiguous that the common pleas court lacked *in personam* jurisdiction over them. The alleged dissemination of misleading financial information to Ohio investors as part of appellants' purported active participation in the general partners' misconduct supports Judge Christiansen's finding that appellants transacted business in Ohio.

Under the second step of the personal jurisdiction analysis, a state court may assert personal jurisdiction over a nonresident defendant if the nonresident possesses certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; *U.S. Sprint, supra.* The constitutional touchstone is whether the nonresident defendant purposefully established "minimum contacts" in the forum state; purposeful establishment exists where, *inter alia,* the defendant has created continuing obligations between himself and residents of the forum. *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528; *Kentucky Oaks Mall, supra.* Here, as Judge Christiansen noted in his decision overruling appellants' Civ.R. 12(B)(2) motion, the evidence included appellants' continuing duties to provide the limited partners, a substantial number of whom reside in Ohio, with financial information concerning the limited partnerships.

Further, the Ohio court possesses a strong interest in settling the dispute, since a large number of the investors live in the Toledo area, half of the general partners also reside in the Toledo area, Ohio residents had been allegedly regularly solicited for money, and two of the limited partnerships were created in Ohio. Additionally, requiring appellants to litigate this case in Ohio places no excessive burden on them because modern transportation and communications have made it much less burdensome for a party sued to defend himself in a state where he engages in economic activity. *Burger King, supra; U.S. Sprint, supra.*

Appellants rely, *inter alia,* on *State ex rel. Connor v. McGough* (1989), 46 Ohio St.3d 188, 546 N.E.2d 407, and *State ex rel. Stone v. Court* (1984), 14 Ohio St.3d 32, 14 OBR 333, 470 N.E.2d 899, in support of their argument on appeal. In *State ex rel. Connor,* we granted a writ of prohibition restraining an Ohio court

judge from exercising personal jurisdiction over a German resident in an Ohio wrongful death action because personal jurisdiction was "so totally lacking," where the nonresident defendant had no known contacts with Ohio. 46 Ohio St.3d at 190–191, 546 N.E.2d at 410. In *State ex rel. Stone*, we affirmed the allowance of a writ of prohibition to prevent an Ohio court's exercise of personal jurisdiction over a Texas resident in a paternity action, where the birth and conception of the child occurred in Alabama. Conversely, under the evidence before Judge Christiansen on this case, personal jurisdiction over appellants was not patently and unambiguously lacking.

Indeed, in appellant's brief, they claim that there were "conflicting statements of fact below." Where personal jurisdiction turns upon some fact to be determined by the trial court, its ruling that it has jurisdiction, if wrong, is simply error for which prohibition is not the proper remedy. *State ex rel. Clem Transp., Inc. v. Gaertner* (Mo.1985), 688 S.W.2d 367, 368. Additionally, as set forth previously, any conflicting evidence had to be construed most favorably to the plaintiffs/limited partners in the common pleas court case. See *Giachetti, supra*. In that Judge Christiansen's assertion of personal jurisdiction over appellants was not patently and unambiguously erroneous, the court of appeals correctly ruled that the availability of appeal was an adequate legal remedy which precluded prohibition relief. *State ex rel. Ruessman, supra*. By so holding, we need not expressly rule on the personal jurisdiction issue since our review is limited to whether personal jurisdiction is *patently and unambiguously lacking. Id.*; see, also, *Canadian Helicopters, Ltd. v. Wittig* (Tex.1994), 876 S.W.2d 304, where the Supreme Court of Texas held similarly in a mandamus action concerning a trial court's holding that it possessed personal jurisdiction over a nonresident defendant. Therefore, appellants' first, third, fourth, and fifth propositions are meritless.[1]

Appellants' second proposition of law asserts that the court of appeals erred in *sua sponte* dismissing his complaint for a writ of prohibition without allowing for the introduction of evidence and further proceedings as provided by Loc.App.R. 6

---

1. Since appellants arguably transacted business in Ohio pursuant to Ohio's long-arm statute and rule, appellants' fifth proposition of law, which asserts that the "tortious injury" provision of the long-arm statute and rule did not apply, is moot. Additionally, we note that Judge Christiansen's claim that the General Assembly intended the long-arm statute "to give Ohio courts jurisdiction to the limits of the Due Process Clause" is erroneous, since that interpretation would render the first part of the court's two-part analysis nugatory. See, *e.g.*, McCormac, Ohio Civil Rules Practice (2 Ed.1992) 49, Section 3.10 ("Ohio has not extended long-arm jurisdiction to the limits of due process"); 4 Harper & Solimine, Anderson's Ohio Civil Practice (Supp.1993) 37, Section 150.33 ("If there was an equivalence, presumably the first part of the test could be redundant."); 1 Casad, *supra*, at 4–8 to 4–9, Section 4.01[1][b]. However, any error in this regard was harmless, since Judge Christiansen still applied the appropriate two-part analysis, and under that analysis, there was no patent and unambiguous lack of jurisdiction.

of the Lucas County Court of Appeals. Appellants claim that "[t]he presentation of a stipulation of facts would have been in the interest of justice as there were conflicting statements of fact below particularly concerning facts allegedly constituting Goldstein's 'transacting business' in Ohio." However, as noted previously, the resolution of conflicting statements of fact before Judge Christiansen in the underlying case was solely for him to decide, after construing the evidence most favorably to the opponents of appellants' Civ.R. 12(B)(2) motion. An after-the-fact stipulation purportedly "resolving" this conflict would not have been appropriate evidence in the prohibition action. Based upon appellants' complaint and exhibits attached and incorporated therein, they could prove no set of facts entitling them to a writ of prohibition and dismissal was appropriate.

Accordingly, for the foregoing reasons, the judgment of the court of appeals dismissing appellants' complaint for a writ of prohibition is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in judgment only.

RESNICK, J., not participating.