**ADVANCED POLYMER SCIENCES, INC., Plaintiff,**

v.

**PHILLIPS INDUSTRIAL SERVICES, Defendant.**

**No. 1:98 CV 783.**

United States District Court,
N.D. Ohio,
Eastern Division.

Jan. 12, 1999.

John M. Manos, Michael Anthony Iacobelli, Jr., Manos, Pappas, Stefanski & DeFoy, Cleveland, OH, for Plaintiff.

Thomas B. Bralliar, Jr., Mansour, Gavin, Gerlack & Manos, Cleveland, OH, for Defendant.

*ORDER AND MEMORANDUM OF OPINION DENYING DEFENDANT'S MOTION TO QUASH SERVICE AND TO DISMISS COMPLAINT DUE TO LACK OF PERSONAL JURISDICTION*

WELLS, District Judge.

This case is before the Court on a motion by defendant Phillips Industrial Services

("Phillips") to dismiss plaintiff's complaint for lack of personal jurisdiction and to quash service of process on Phillips. Plaintiff Advanced Polymer Sciences ("APS") has filed a response memorandum to which Phillips has replied. For the reasons set forth below, Phillips' motion is denied.

### I. Facts

Because no evidentiary hearing has been held regarding whether Phillips is subject to personal jurisdiction in Ohio,[1] the pleadings and affidavits must be considered in a light most favorable to the plaintiff APS. *See CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir.1996). Moreover, it is improper to consider any "contrary assertions of the party seeking dismissal." *Theunissen v. Matthews,* 935 F.2d 1454, 1459 (6th Cir.1991). Stated another way, when considering a Rule 12(b)(2) motion without an evidentiary hearing, the facts asserted by the plaintiff must be taken as true. *See Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 149 (6th Cir.1997). Keeping these principles in mind, the facts relevant to personal jurisdiction follow.[2]

Phillips is a South Carolina corporation with a principal place of business in Mount Pleasant, South Carolina. APS is a Delaware corporation with its principal place of business in Avon, Ohio. The parties' dispute regards a contract for the sale of goods from APS to Phillips.[3]

Phillips agreed to act as a subcontractor in a building project for Connecticut Light and Power occurring in Connecticut.[4] The project specifications for this construction required Phillips to order certain materials from APS. On 9 September 1997 Phillips contacted APS to order materials for the Connecticut project, including coating material to be used in an equalization basin. Phillips purchased these materials on credit F.O.B. Avon, Ohio.

Prior to this transaction, Phillips had done no business in Ohio. It owns no property in Ohio and has not supplied any goods to Ohio purchasers. Apparently, all the orders were made by telephone and no Phillips representatives ever traveled to Ohio as part of this business transaction.

By 30 October 1997, Phillips had made eight separate orders from APS in Ohio, totaling $197,183 worth of materials. APS alleges in its complaint that Phillips has not paid for any of these materials, and so APS instituted this action for breach of contract.

### II. Discussion

Phillips has moved to quash service of process and to dismiss plaintiff's complaint for lack of personal jurisdiction, relying on Rules 4(e) and 12(b)(2) of the Federal Rules of Civil Procedure.[5] Deciding the issue of personal jurisdiction is a two-part inquiry. First, the defendant must be encompassed by the forum state's long-arm statute. Second, allowing the defendant to be sued in the forum state must satisfy constitutional due process standards. *See Reynolds v. International Amateur Athletic Fed'n,* 23 F.3d 1110, 1115 (6th Cir.1994). The party asserting the existence of personal jurisdiction, here APS,

---

1. Neither party requested an evidentiary hearing.

2. Some of the facts stated come from Phillips' motion. This is because Phillips has not disputed any of the factual assertions made by APS. Phillips has merely made assertions supplementing those made by APS tending to weigh against a finding of personal jurisdiction. It is proper to consider the facts stated in Phillips' motion because they are not disputed by APS. *See Kerry Steel,* 106 F.3d at 152–53.

3. Phillips asserts there was no written contract between Phillips and APS. *See* Brief in Support of Defendant's Motion, at 4. However, APS has asserted the existence of a contract, and at this stage of the litigation APS's assertions must be taken as true. *See CompuServe,* 89 F.3d at 1262.

4. Phillips' motion states the project took place in Newark, Connecticut, while APS's response states it occurred in Norwalk, Connecticut. This small discrepancy does not affect the outcome of this case; what is significant is that the construction project occurred in Connecticut, not Ohio.

5. Although Phillips requests both that service of process be quashed and that APS's complaint be dismissed, both requests are based upon Phillips' argument that it is not subject to personal jurisdiction in Ohio. Phillips does not raise any issues regarding the sufficiency of service upon it except for lack of personal jurisdiction.

bears the burden to show jurisdiction exists. *See CompuServe*, 89 F.3d at 1261–62.

■ The first issue is whether Phillips is encompassed within Ohio's long-arm statute, Ohio Rev.Code § 2307.382.[6] That statute states: "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's ... [t]ransacting any business in this state." Ohio Rev.Code § 2307.382(A)(1). This "transacting any business" prong of Ohio's long-arm statute extends to the constitutional limits of due process.[7] *See Reynolds*, 23 F.3d at 1116. APS claims Phillips breached a contract between the parties, and relies on the contacts between Phillips and Ohio arising from the underlying business transaction to assert the existence of personal jurisdiction. Thus the "transacting any business" prong of § 2307.382(A)(1) applies, and the two-part inquiry collapses into one issue: whether subjecting Phillips to personal jurisdiction in Ohio satisfies due process. *See Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998).

■ APS argues Phillips is subject to specific personal jurisdiction in Ohio. Specific jurisdiction is at issue where the plaintiff's complaint asserts "claims that 'arise out of or relate to' a defendant's contacts with the forum." *Aristech*, 138 F.3d at 627 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80

L.Ed.2d 404 (1984)).[8] Three criteria determine whether Phillips is subject to specific jurisdiction in Ohio based on its business transaction with APS. First, Phillips must have "purposely availed" itself of the privilege of acting in Ohio or have purposefully caused a consequence there. Second, APS's cause of action must arise from Phillips' actions in Ohio.[9] Third, the exercise of jurisdiction must be reasonable. *See Aristech*, 138 F.3d at 628.

### i. *Purposeful Availment*

The "purposeful availment" part of the inquiry is an analysis of Phillips' contacts with Ohio to determine whether they create a "substantial connection" to Ohio under *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), and whether they are of such a nature that Phillips "should reasonably anticipate being haled into court there" under *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). *See Reynolds*, 23 F.3d at 1116. Phillips' contacts must not be "random, fortuitous or attenuated," but rather establish a relationship "that invokes, by design, 'the benefits and protections of [the forum state's] laws.'" *LAK. Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1300 (6th Cir.1989) (quoting *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174 and *Hanson*

---

**6.** Rule 4.3(A) of the Ohio Rules of Civil Procedure, which may also apply in this case due to Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure, is substantially the same as the statute. *See Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 75, 559 N.E.2d 477, 479 (Ohio 1990) (concluding the statute and the rule "are consistent and in fact complement each other").

**7.** Although Sixth Circuit authority for this proposition has a long history, Ohio courts have indicated Ohio's long-arm statute as a whole does not extend to the constitutional boundaries of due process. *See, e.g., Goldstein v. Christiansen*, 70 Ohio St.3d 232, 238 n. 1, 638 N.E.2d 541, 545 n. 1 (Ohio 1994) (noting a lower court ruling that the long-arm statute extends to the limits of due process was clearly erroneous). In this case, however, Phillips reached out to Ohio by calling an Ohio company to order its products, and hence transacted business in Ohio. *See, e.g., Ken-*

*tucky Oaks Mall*, 53 Ohio St.3d at 75–76, 559 N.E.2d at 479–80; *Hammill Mfg. Co. v. Quality Rubber Prods., Inc.*, 82 Ohio App.3d 369, 373–74, 612 N.E.2d 472, 474–75 (Ohio App.1992).

**8.** Specific jurisdiction must be contrasted with general jurisdiction. General jurisdiction exists where "a defendant has 'continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power *with respect to any and all claims.*'" *Aristech*, 138 F.3d at 627 (emphasis added) (quoting *Kerry Steel v. Paragon Indus., Inc.*, 106 F.3d 147 (6th Cir.1997)). APS does not argue Phillips is subject to general jurisdiction in Ohio.

**9.** This part of the test merely re-asks whether the plaintiff is arguing for specific jurisdiction, and is clearly met in this case. APS claims Phillips breached a contract, and APS relies only on that particular business transaction to support its argument that personal jurisdiction exists.

*v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).

■ Viewing the facts in favor of APS, Phillips has purposely availed itself of Ohio privileges. While a contract with a citizen of a forum state is not enough by itself to confer personal jurisdiction, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing ... must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." *Burger King,* 471 U.S. at 479, 105 S.Ct. 2174. The first contact between the parties occurred when Phillips telephoned APS to place its order.[10] The overall transaction was sizable,[11] totaling almost $200,000 worth of goods manufactured in Ohio, and all shipments originated in Ohio.[12] The goods were shipped F.O.B. Avon, Ohio, so that the risk of loss while the goods were in transit passed from APS to Phillips when the goods were delivered to the carrier in Avon, Ohio. *See* Uniform Commercial Code § 2–319. The invoices detailing the shipments are APS forms, and require remittance to APS at its Avon, Ohio address. Moreover, this was not a one-time purchase between anonymous persons: the parties' relationship lasted just short of three months, starting 9 September 1997 when Phillips first contacted APS and ending 20 November 1997 when the last payment was due from Phillips.

Phillips argues telephonic communication is not enough to establish personal jurisdiction. *See Market/Media Research, Inc. v. Union–Tribune Publ'g Co.,* 951 F.2d 102 (6th Cir.1991). However, the court in *Market/Media Research* did not hold telephone contact by itself is insufficient to support personal jurisdiction. *See id.* at 105. Moreover, the out-of-state buyers in *Market/Media Research* only tentatively committed to the deal proposed by the Ohio seller, whereas here Phillips accepted the goods shipped by APS. *See id.*

More importantly, Phillips did more than make phone calls to Ohio. During those phone calls Phillips ordered goods which APS sent to Phillips. Phillips accepted the goods when they arrived from Ohio, and also accepted the invoices requiring payment to APS in Ohio. The first invoice was dated 11 September 1997 and was due 1 October 1997. Phillips did not object to the bill; on the contrary, Phillips ordered more goods from APS in Ohio on 25 September 1997. Again Phillips did not object to the bill, and ordered more goods. This pattern continued until the end of November, when the last invoice became due. Phillips made more than sufficient contact with Ohio so that it purposefully availed itself of benefits from Ohio.[13] *See Cole*

10. Evidently, the Connecticut Light and Power project specifications required Phillips to use certain APS products. This, however, does not affect the purposeful availment inquiry. Phillips should have known of this specification at the time it agreed to take on the project. If it felt nervous about ordering goods from an Ohio supplier, it could have spoken up at that time or refused to work on the project. *See Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.,* 91 F.3d 790, 796 (6th Cir.1996) ("[T]he dispositive fact is not whether the plaintiff or the defendant initiated the contact between the parties, but whether the defendant ultimately 'chose to deal' with the plaintiff.").

11. APS characterizes the transaction as eight separate events, while Phillips holistically characterizes it as one event. However, it is the quality, not the quantity, of the contacts that determines purposeful availment. *See Reynolds,* 23 F.3d at 1119.

12. In *Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147 (6th Cir.1997), the court affirmed the dismissal of the seller's breach of contract action based on lack of personal jurisdiction over the defendant buyer in Michigan. The court concluded the out-of-state buyer had not "reached out" to Michigan, but only responded to the Michigan seller's solicitation "without leaving home." *Id.* at 151. Also, the plaintiff had not alleged a significant impact on the commerce of Michigan. In this case, by contrast, defendant buyer Phillips did reach out to Ohio when it made the initial phone call to order goods. Also, the goods were manufactured in Ohio, shipped from Ohio, and the risk of loss passed to Phillips in Ohio.

13. In *Nationwide Mutual Insurance Co. v. Tryg International Insurance Co.,* 91 F.3d 790 (6th Cir.1996), the court stated Nationwide's activities in Ohio could not support its argument that Tryg International, a Danish company headquartered in Denmark, was subject to personal jurisdiction in Ohio. The parties' dispute concerned a reinsurance agreement. Here, by contrast, APS has brought a breach of contract action arising from the sale of goods. In such a case, the places of manufacture and delivery are significant factors

*v. Mileti,* 133 F.3d 433, 436 (6th Cir.) ("If, as here, a nonresident defendant transacts business by negotiating and executing a contract via telephone calls and letters to an Ohio resident, then the defendant has purposefully availed himself of the forum by creating a continuing obligation in Ohio."), *cert. denied,* —— U.S. ——, 119 S.Ct. 42, 142 L.Ed.2d 32, 67 U.S.L.W. 3229 (1998).

### ii. Reasonableness

The third and final factor to consider is whether the exercise of personal jurisdiction over APS in Ohio is reasonable. Where the first two prerequisites for personal jurisdiction have been satisfied, as they have been here, an inference arises that this third factor has also been satisfied. *See CompuServe,* 89 F.3d at 1268. A court must consider the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of the controversies. *See id.*

■ Ohio has a strong interest in this case because it involves goods manufactured in Ohio and shipped from Ohio. "A state has a significant interest in resolving a suit when 'a contract calling for substantial production of goods is entered into, with the production of goods and other performance under the contract to take place entirely within the forum state.'" *Aristech,* 138 F.3d at 629. The contract, allegedly worth almost $200,000, realistically affects Ohio commerce. Furthermore, APS obviously has an interest in collecting money APS believes Phillips owes to APS.

Regarding the burden placed on Phillips by forcing it to litigate in Ohio, what the court said in *CompuServe* applies equally well here:

> It may be burdensome for [defendant] Patterson to defend a suit in Ohio, but he knew when he entered into the Shareware Registration Agreement that he was making a connection with Ohio, and presumably he hoped that connection would work to his benefit.

in the purposeful availment inquiry. *See, e.g., Kerry Steel,* 106 F.3d at 151. Thus, the *Nationwide* court's discussion of whether a plaintiff's

*CompuServe,* 89 F.3d at 1268. When it made the initial phone calls ordering the goods, Phillips knew it was phoning an Ohio company and the goods would be manufactured in Ohio.

Finally, as to the efficiency of litigation, neither party has demonstrated that one forum is more advantageous than another.

For these reasons, the exercise of personal jurisdiction over Phillips in Ohio is reasonable.

### III. Conclusion

The motion by defendant Phillips Industrial Services to quash service of process and to dismiss the complaint for lack of personal jurisdiction is DENIED.

actions in a state can confer personal jurisdiction over a defendant are not determinative.