LSI INDUSTRIES INC., Plaintiff,

v.

HUBBELL LIGHTING, INC., Defendant.

No. C–1–99–390.

United States District Court, S.D. Ohio, Western Division.

Sept. 17, 1999.

Donald Frei, J. Robert Chambers, Theodore Remaklus, Cincinnati, OH, for plaintiff.

Holly Kozlawski, Cincinnati, OH, Alfred Goodman, Washington, D.C., for defendant.

## Memorandum and Order

BECKWITH, District Judge.

Plaintiff, the manufacturer of the Scottsdale canopy luminaire, initiated this action on May 24, 1999 by filing a complaint pursuant to which it asserts claims of, *inter alia,* design patent infringement and trademark infringement against Defendant, the manufacturer of a competing canopy luminaire. Five weeks later, Plaintiff filed a motion for temporary restraining order and preliminary injunction. In response to that motion, Defendant moved to dismiss for lack of *in personam* jurisdiction and improper venue or, in the alternative, for a change of venue. On July 8, 1999, the Court conducted a hearing to resolve, preliminarily, the issue of *in personam* jurisdiction and to consider, if it found a reasonable probability that Plaintiff would establish *in personam* jurisdiction, Plaintiff's motion for a temporary restraining order. Concluding that a reasonable probability existed that Plaintiff would establish that the Court could properly exercise *in personam* jurisdiction over Defendant, the Court, nevertheless, denied Plaintiff's motion. This matter is now before the Court upon Defendant's renewed motion to dismiss for lack of *in personam* jurisdiction or, in the alternative, for a change of venue (Doc. 25).

### 1. Background

Plaintiff manufactures and sells lighting to the petroleum industry. In 1995, it introduced its Scottsdale canopy luminaire and represents that, in the ensuing four-year period, it has captured 85% of the market for such lighting. With 15% of the market still available, at least two competitors, Defendant and Spaulding Whiteway, have entered the market with products similar to the Scottsdale canopy luminaire. In two separate actions, Plaintiff has sued those competitors for design patent infringement and trademark infringement. Plaintiff also asserts a claim under Ohio statutory law and a claim under Ohio common law for unfair competition.

Defendant is a Connecticut corporation with its principal place of business in Virginia. It maintains a national sales force, which includes agents in Ohio and, more specifically, in the Southern District of Ohio. Defendant does not deny that it conducts a significant amount of business in Ohio. Defendant has not, however, sold any of its challenged products in Ohio, and the only known sale of those products has occurred in Virginia.

Defendant contends that this Court may not properly exercise jurisdiction over Defendant under Ohio's long-arm statute. On that basis, Defendant asks the Court to dismiss this action for lack of *in personam* jurisdiction. Plaintiff opposes the motion on the ground that the Court may properly exercise general jurisdiction over the person of the Defendant in accordance with the Due Process Clause of the United States Constitution and that further inquiry under Ohio's long-arm statute is not required.

### 2. Due Process, Ohio's Long–Arm Statute, and Patent and Trademark Claims

When *in personam* jurisdiction is challenged, the party asserting that the Court may properly exercise jurisdiction bears the burden of establishing jurisdiction. *See CompuServe, Inc. v. Patterson,*

89 F.3d 1257, 1261 (6th Cir.1996); *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir.1988). Accordingly, Plaintiff bears the burden of establishing that Defendant is amenable to this Court's jurisdiction. *See Reynolds v. I.A.A.F.*, 23 F.3d 1110, 1115 (6th Cir.), *cert. denied*, 513 U.S. 962, 115 S.Ct. 423, 130 L.Ed.2d 338 (1994).

■ Plaintiff argues that it satisfies that burden simply by establishing that the Court may exercise general jurisdiction over the person of Defendant in conformity with the Due Process Clause. Plaintiff's argument is bolstered by suggestions by the United States Court of Appeals for the Sixth Circuit and various other federal courts that Ohio's long-arm statute and the Due Process Clause are coterminous and that an exercise of *in personam* jurisdiction that satisfies the Due Process Clause necessarily also satisfies Ohio's long-arm statute. *See, e.g., Nationwide Mutual Insurance Co. v. Tryg International Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir.1996). As the Court of Appeals recognized in 1998, however, the Ohio Supreme Court has interpreted Ohio's long-arm statute, Ohio Revised Code ("O.R.C.") § 2307.382, as not reaching the limits of due process in all circumstances. *See Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir.) (citing *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 235 n. 1, 638 N.E.2d 541 (1994)), *cert. denied*, —— U.S. ——, 119 S.Ct. 42, 142 L.Ed.2d 32 (1998); *see also, Vorhis v. American Medical Systems, Inc.*, 124 F.3d 201, 1997 WL 476527 (6th Cir.1997). Accordingly, when *in personam* jurisdiction is at issue, the Court must examine the requirements of both the Due Process Clause and Ohio's long-arm statute. *See Reynolds, supra.*

Defendant has not mounted a significant challenge to this Court's exercise of jurisdiction pursuant to the Due Process Clause. Indeed, Plaintiff has ably demonstrated that the Court may properly exercise general jurisdiction over the person of Defendant, inasmuch as Defendant has had significant contacts with Ohio. *See Helicopteros Nacionales de Colombia, S.A.*

*v. Hall*, 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The parties disagree, however, concerning the application of Ohio's long-arm statute.

Having argued that the Court need not separately examine the requirements of the Due Process Clause and Ohio's long-arm statute, Plaintiff has barely mentioned the requirements of Ohio's long-arm statute. The Court will examine those requirements, nevertheless.

■ While Ohio's long-arm statute permits the exercise of *in personam* jurisdiction on the basis of a variety of acts by a defendant, it explicitly limits the bases upon which a court may exercise jurisdiction to causes of action arising from those acts. Accordingly, under O.R.C. § 2307.382(A)(4), the applicable provision of the statute, the Court may exercise jurisdiction over Defendant only with regard to a cause of action arising from Defendant's

> [c]ausing tortious injury in this state by an act or omission outside this state if [it] regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

■ While Defendant does not deny that it does business in Ohio, it observes that Plaintiff has not alleged an injury related to Defendant's activities in Ohio. Rather, Plaintiff argues that the Court may properly exercise jurisdiction over the person of Defendant because Defendant regularly does business in Ohio.

As the Court has noted, however, it may exercise *in personam* jurisdiction under O.R.C. § 2307.382(A)(4) only with respect to causes of action arising from Defendant's causing injury in Ohio. The inquiry, therefore, goes beyond an examination of the business Defendant conducts in Ohio and focusses on the *locus* of the injury Defendant has allegedly caused by its sales of infringing products outside Ohio.

At the time of the hearing on Plaintiff's motion for preliminary injunction, the Court concluded that the *locus* of the injury was Ohio, where Plaintiff has its principal place of business, even though all of the alleged acts of infringement identified by Plaintiff occurred in Virginia. The Court noted that the United States Court of Appeals for the Federal Circuit had resolved the question of where the infringing act occurs in *North American Philips Corp. v. American Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed.Cir.1994), holding that patent infringement occurs where the infringing product is sold. This Court concluded that its exercise of jurisdiction over Defendant would, nevertheless, be proper because the injury caused by the infringing act would be experienced by Plaintiff in Ohio.

In a case decided before *North American Philips*, however, the United States Court of Appeals for the Federal Circuit held that the *locus* of the injury caused by an act of patent or trademark infringement is the place where the infringing act occurs, regardless of where the injury is experienced. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed.Cir.), *cert. dismissed*, 512 U.S. 1273, 115 S.Ct. 18, 129 L.Ed.2d 917 (1994). Accordingly, the *locus* of the injury allegedly caused by Defendant's sales of infringing products is the place where those sales occurred, not Ohio where Plaintiff has its principal place of business.

The application of O.R.C. § 2307.382(A)(4) to Plaintiff's federal statutory claims in this matter identifies a set of circumstances in which Ohio's long-arm statute does not extend to the limits of due process. The Court in *Glasstech, Inc. v. TGL Tempering Systems, Inc.*, 50 F.Supp.2d 722 (N.D.Ohio 1999), a decision much criticized by Plaintiff, arrived at the same conclusion in similar circumstances. This Court is in substantial agreement with the analysis of that Court.

### 3. *Plaintiff's State Law Claims*

Plaintiff has pled jurisdiction under 28 U.S.C. §§ 1338(b) and 1367(a) with regard to its Ohio law claims. The former permits the Court to exercise jurisdiction in a civil action in which a plaintiff asserts a claim of unfair competition when that claim is joined to a substantial and related claim under the patent or trademark laws. Because the Court may not properly exercise *in personam* jurisdiction with respect to the patent and trademark claims in this action, § 1338(b) does not permit the exercise of jurisdiction with respect to the unfair competition claim. Section 1367(a) is the supplemental jurisdiction statute and does not provide a basis for jurisdiction with respect to state law claims when the Court may not properly exercise *in personam* jurisdiction with respect to the claims under federal law.

### 4. *Conclusion*

For those reasons, Defendant's motion to dismiss this action for lack of *in personam* jurisdiction (Doc. 25) is **GRANTED.** The alternative motion for change of venue is **MOOT.** This action is **CLOSED.**

**IT IS SO ORDERED.**