DECISION AND JOURNAL ENTRY
Appellant Richard Herbruck appeals an order of the Summit County Court of Common Pleas that granted the motion to dismiss for lack of personal jurisdiction of appellees LaJolla Capital Corporation, n.k.a. Pacific Cortez Securities, Inc. ("Pacific Cortez"), Harold Bailey Gallison, Jr., a.k.a. B.J. Gallison ("Gallison"), and James C. Weaver.[1] We affirm in part and reverse in part.
 I.
On November 6, 1998, Herbruck filed a complaint in the Summit County Court of Common Pleas. The complaint named as defendants Pacific Cortez, Gallison, Weaver, Bruce and Joanne Straughn, Forget Me Notes, Robin Rushing, Norman Sirak, and P. Joseph Vertucci. Pacific Cortez was a California corporation; Gallison, Weaver, and Rushing were residents of California; the Straughns were residents of Illinois; Forget Me Notes was a d.b.a. of Joanne Straughn which did business in Illinois; Sirak was a resident of Stark County, Ohio; and Vertucci was a resident of Florida. Herbruck's complaint alleged counts of fraud, conversion, and civil conspiracy against all defendants and an additional count of breach of fiduciary duty against Vertucci.
On January 22, 1999, the LaJolla defendants moved to dismiss; among the asserted grounds for their motion was lack of personal jurisdiction under Civ.R. 12(B)(2). The motion was accompanied by affidavits from Weaver and Gallison. Herbruck responded in opposition and included voluminous documents as well as deposition testimony of two witnesses. The LaJolla defendants replied to Herbruck's response.
On April 2, 1999, the trial court granted the LaJolla defendants' motion to dismiss, on the grounds of lack of personal jurisdiction. The trial court later amended its order to include language from Civ.R. 54(B). Herbruck timely appealed to this court.
 II. Assignment of Error THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF'S/APPELLANT'S CLAIMS OF FRAUD AND CIVIL CONSPIRACY AGAINST TWO PRINCIPAL PARTICIPANTS IN SUCH FRAUD, B.J. GALLISON AND LAJOLLA CAPITAL CORPORATION FOR LACK OF PERSONAL JURISDICTION WHEN THE PLEADINGS AND EVIDENTIARY MATERIALS, VIEWED IN A LIGHT MOST FAVORABLE TO THE PLAINTIFF, ESTABLISHED PERSONAL JURISDICTION.
In his sole assignment of error, Herbruck argues that the trial court should have denied the LaJolla defendants' motion to dismiss for lack of personal jurisdiction. Herbruck contends that the complaint and the other evidentiary materials submitted on the motion make a prima facie showing that Ohio had personal jurisdiction over the LaJolla defendants.
In order to determine whether Ohio has personal jurisdiction over a defendant, courts employ a two- part test.
 First, the court must determine whether the state's "long-arm" statute and applicable civil rule confer personal jurisdiction, and, if so, whether granting jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution.
(Footnote omitted.) U.S. Sprint Communications Co. Ltd.Partnership v. Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181,183-84. Because the trial court in the case at bar did not hold an evidentiary hearing on the Civ.R. 12(B)(2) motion, the court "was required to view allegations in the pleadings and the documentary evidence in a light most favorable to the plaintiff, resolving all reasonable competing inferences in [his] favor." Goldstein v. Christiansen (1994), 70 Ohio St.3d 232,236. "[T]he plaintiff need only make a prima facie showing of personal jurisdiction to overcome a motion to dismiss." PharmedCorp. v. Biologics, Inc. (1994), 97 Ohio App.3d 477, 480. We review the trial court's decision de novo. Robinson v. Koch Refining Co.
(June 17, 1999), Franklin App. No. 98AP-900, unreported, 1999 Ohio App. LEXIS 2682, at *3.
 A. R.C. 2307.382, Ohio's Long-Arm Statute
We first must determine whether the actions of the LaJolla defendants fall within the ambit of Ohio's "long-arm" statute.[2] R.C. 2307.382 states in relevant part:
 (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
(1) Transacting any business in this state;
* * *
 (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state[.]
The phrase "transacting business" is broad and includes carrying on business or having dealings. Goldstein,70 Ohio St.3d at 236. The question of whether a defendant transacted business in Ohio is made on a case-by- case basis. Id.
The facts alleged in the complaint and other documentary evidence before the trial court show the following: Herbruck was an employee of a computer software company named Alive Centers of America, Inc. ("Alive"), located in Summit County, Ohio. By 1992, as a part of his compensation, Herbruck held 25% of Alive's stock. The remaining 75% of the stock was owned by P. Joseph Vertucci, a resident of the state of Florida. In 1995, Herbruck obtained a substantial judgment against Vertucci and Alive, based on breach of contract and other claims.
In early 1995, Vertucci wished to make Alive a publicly traded corporation. To this end, he consulted with Norman Sirak (an attorney from Stark County, Ohio), Bruce Straughn (a representative of Pacific Cortez), and unnamed others. Eventually, the assets of Alive were transferred to another corporation, the stock of which was acquired by a publicly traded shell corporation named Interactive Multimedia Publishers, Inc. ("IMP"). These actions were undertaken by Straughn (individually and on behalf of Pacific Cortez), Sirak, and Vertucci. The end result was that Herbruck's 25% interest in Alive was eliminated and valuable assets of Alive were lost, impairing Herbruck's ability to enforce his judgment against Alive.
The sale of IMP stock was done through Pacific Cortez by Gallison and other defendants. Gallison's actions with regard to IMP stock was done in his capacity as an officer and owner of Pacific Cortez. The actions of many of the defendants in connection with IMP attracted the attention of the United States Securities and Exchange Commission ("SEC"). The SEC eventually sued many of the defendants for their actions with IMP.[3]
IMP is now defunct.
We now address whether the complaint and documentary evidence, viewed in a light most favorable to Herbruck, establish a prima facie showing of personal jurisdiction for each of the LaJolla defendants.
 1. Pacific Cortez
The complaint and documentary evidence showed that Pacific Cortez participated in several meetings regarding IMP through a representative, Bruce Straughn. Stock certificates from IMP were backdated to avoid regulations governing the promoter of a stock (here, Straughn and Pacific Cortez) from trading in a stock recently taken public. Pacific Cortez acted as the broker for the stock of IMP, an Ohio corporation.
We conclude that there is a prima facie showing that Pacific Cortez transacted business in Ohio through its agent, Bruce Straughn. The requirements of R.C. 2307.382(A)(1) are met.
 2. Harold Gallison
Harold Gallison was the owner and, until 1996, president of Pacific Cortez. As an employee of Pacific Cortez, Gallison effectuated various stock transfers between the various actors. Gallison also personally traded in IMP stock at the same time his corporation, Pacific Cortez, was promoting and brokering the stock. Gallison personally met with Vertucci and Straughn in California about IMP.
We conclude that Gallison's actions meet the requirements of R.C. 2307.382(A)(6), regarding tortious conduct committed outside Ohio. A fair reading of the complaint and documentary materials shows that Gallison committed tortious acts (alleged as conversion, fraud, and civil conspiracy) outside Ohio, while knowing full well that the stock involved was of an Ohio corporation. The fact that, according to his affidavit, Gallison's "involvement in any transactions related to the stock IMP [sic] was solely in my capacity as an officer and employee of" Pacific Cortez does not immunize him. Corporate officers may be liable for the tortious or fraudulent acts of the corporation. See Heritage Funding Leasing Co. v. Phee (1997), 120 Ohio App.3d 422,430.
 3. James Weaver
The only factual allegations presented with regard to Weaver was through Weaver's own affidavit. Weaver had been retained as outside counsel by Pacific Cortez in various civil and administrative actions and was never an officer, director, shareholder, or employee of Pacific Cortez. Herbruck's complaint and documentary materials do not contain any allegations regarding Weaver. Because no prima facie showing of personal jurisdiction was made, the trial court did not err by dismissing Weaver for lack of personal jurisdiction.
 B. Due Process
Having determined that Pacific Cortez and Gallison are subject to R.C. 2307.382, we must now turn to whether the imposition of jurisdiction comports with the requirements of due process.
 [T]he assertion of jurisdiction over a nonresident defendant does not violate due process if the nonresident [defendant] possesses certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. The constitutional touchstone here is whether the nonresident defendant purposely established minimum contacts in the forum state such that he or she should reasonably anticipate being haled into court there. Jurisdiction is proper where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum. It is not proper where the contacts are random, fortuitous, or attenuated or where they result from the unilateral activity of a third party. A single act occurring within a state will support jurisdiction if it creates a "substantial connection" with the forum but not if it creates only an "attenuated affiliation" with the forum.
(Citations omitted.) Corporate Partners, L.P. v. Natl.Westminster Bank PLC (1998), 126 Ohio App.3d 516, 522- 23, quoting Burger King Corp. v. Rudzewicz (1985), 471 U.S. 462,475, 85 L.Ed.2d 528, 543, fn. 18. Also of importance is the forum state's interest in settling the dispute and the burden placed on the defendants by being forced to litigate in a distant forum. See Goldstein, 70 Ohio St.3d at 237.
We conclude that maintaining personal jurisdiction over Pacific Cortez and Gallison does not violate due process. A representative of Pacific Cortez, Bruce Straughn, came to Ohio from Illinois and actively participated in the creation of IMP. Gallison personally met with Ohio residents regarding the promotion of IMP's stock. Pacific Cortez actively brokered the stock of an Ohio corporation, and Gallison personally traded in that stock. As a result, Pacific Cortez and Gallison could reasonably expect to be haled into an Ohio court. Their connections are substantial and not attenuated. Ohio has a strong interest in the resolution of the dispute, as the events surrounding IMP had their genesis within the state's borders and almost all of the other corporations concerned (Alive, and other shell corporations) were incorporated in Ohio. Furthermore, the burden on Pacific Cortez and Gallison would not be excessive, given the modern convenience of transportation and the fact that they have previously defended an action against them in Ohio.
 C. Conclusion
Herbruck has made a showing of personal jurisdiction over Pacific Cortez and Gallison. Accordingly, the trial court erred by dismissing those defendants for a lack of personal jurisdiction. However, the trial court did not err by dismissing Weaver for lack of personal jurisdiction. The assignment of error is overruled in part and sustained in part.
 III.
Herbruck's assignment of error is overruled in part and sustained in part. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed one-half to Appellant and one-half to Appellees La Jolla Capital, n.k.a. Pacific Cortez Securities, and Harold B. Gallison, Jr.
Exceptions.
 ___________________________ LYNN C. SLABY
[1] Pacific Cortez, Gallison, and Weaver will be referred to collectively as "the LaJolla defendants."
[2] The Ohio Supreme Court has held that R.C. 2307.382 and Civ.R. 4.3 "are consistent and in fact complement each other."Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc. (1990),53 Ohio St.3d 73, 75.
[3] Pacific Cortez and Gallison have also been subjected to other punitive measures for numerous other securities offenses.