OPINION
Kimberly Aboyade appeals from a judgment of the Kettering Municipal Court, Small Claims Division, in the amount of $1315.28 in favor of Castle Blind Factory.
Ms. Aboyade contends the trial court erred in denying her motion for a continuance and motion to dismiss for lack of jurisdiction because she did not reside in Ohio at the time suit was commenced.
Castle Blind filed its complaint on August 21, 2000 against Aboyade seeking $1315.28 for payment of blinds installed at Aboyade's address in Fairborn, Ohio in September 1999. Castle Blind does business in Kettering, Ohio. Certified mail service failed at the Fairborn address, and Castle was notified by the court that the defendant's new address was in New York City. The plaintiff accomplished service by ordinary mail on September 29, 2000.
On October 19, 2000, the defendant wrote to the Clerk of Courts requesting that her case be dismissed because she had moved to New York in January 2000. On October 25, 2000, the trial court overruled the motion. On November 9, 2000, the magistrate recommended that the trial court award the plaintiff the amount requested in its complaint finding that the defendant had failed to appear and the amount requested was appropriate. On the same day the trial court approved the magistrate's report and entered judgment accordingly. Ms. Aboyade timely appealed.
Although the appellant contends she filed a request for continuance on October 30, 2000 and that the trial court overruled such request, the docket and journal entries fail to portray any such motion was filed.
Civ.R. 53(E)(3)(b) provides in pertinent part that a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule. The appellant also did not file a transcript of the proceedings. The trial judge cannot modify a magistrate's findings of fact without an entire transcript. Ohio Edison Co. v. Gilmore (1995), 106 Ohio App.3d 6.
In this case the complaint alleged that the plaintiff installed blinds in the defendant's apartment in Fairborn in September 1999 four months before the defendant moved to New York. R.C. 2307.382(A)(1) provides that a court may exercise jurisdiction over a person who acts directly as to a cause of action arising from the person's transacting any business in this state. The constitutional touchstone is whether the non-resident defendant purposely established "minimum contacts" in the foreign state. Goldstein v. Christiansen (1994), 70 Ohio St.3d 232, 236. In this case, requiring the defendant to appear in an Ohio court to defend an allegation that she purchased goods from an Ohio business while she was an Ohio resident does not offend our notions of fair play or due process. The appellant's assignments of error are overruled.
 __________ BROGAN, J.
FAIN, J. and GRADY, J., concur.