OPINION
{¶ 1} Plaintiffs-appellants Lois and Gilbert Unger appeal from a decision of the trial court sustaining a motion to dismiss filed by defendant-appellee, The Cheesecake Factory Restaurants, Inc., (hereinafter CFR), and the Ungers also appeal from an order denying their motion for leave to file an amended complaint. Because the trial court, even though it has sustained CFR's motion to dismiss, has not actually entered an order or judgment of dismissal, we conclude that there is no final, appealable order for us to review in this case. Accordingly, this appeal is dismissed for lack of a final, appealable order.
 I {¶ 2} In March, 2002, Lois Unger was injured when she slipped and fell near a waitress station in The Cheesecake Factory in Aventura, Florida. Lois Unger and her husband, Gilbert Unger, residents of Montgomery County, Ohio, filed a complaint for negligence and loss of consortium against The Cheesecake Factory Restaurants, Inc., (hereinafter CFR) in the Montgomery County Court of Common Pleas. CFR is incorporated and has its principal place of business in California. CFR filed a motion to dismiss for lack of personal jurisdiction and in the alternative, a motion to change venue to Franklin County Court of Common Pleas. In a "Decision, Order and Entry" filed July 2, 2004, the trial court sustained CFR's motion to dismiss, finding that Ohio's long arm statute and applicable civil rule did not confer personal jurisdiction, because the cause of action did not arise from activities occurring in the state of Ohio. The Ungers then filed a motion for leave of court to file an amended complaint. The trial court denied the Ungers' motion for leave to file an amended complaint, finding that their original complaint had been dismissed when it sustained CFR's motion to dismiss. From the trial court's "Decision, Order and Entry" of July 2, 2004, and from its order denying the Ungers' motion for leave to file an amended complaint, the Ungers appeal.
 II {¶ 3} The Ungers' First and Second Assignments of Error are as follows:
 {¶ 4} "The trial court erred by dismissing plaintiffs'-appellants' complaint for lack of personal jurisdiction."
 {¶ 5} "The trial court erred by denying plaintiffs'-appellants' motion for leave to amend their complaint."
 {¶ 6} The Ungers contend that the trial court erred in dismissing their complaint for lack of personal jurisdiction, because The Cheesecake Factory is present within the State of Ohio. The Ungers contend that CFR has three restaurants in Ohio, employs Ohio citizens, pays taxes in Ohio, is licensed to do business in Ohio, has consented to service of process in Ohio, and has appointed a statutory agent in Ohio. Because of CFR's presence in Ohio, the Ungers contend that personal jurisdiction exists and is not dependent upon Ohio's long-arm statute. The Ungers contend that personal jurisdiction is not dependent upon Ohio's long-arm statute, which is a rule of specific jurisdiction. The Ungers argue that specific jurisdiction is not the sole basis for personal jurisdiction, and that general jurisdiction is also a basis for personal jurisdiction. The Ungers contend that general jurisdiction exists in this case because CFR's connections with Ohio are continuous and systematic.
 {¶ 7} In support of their contentions, the Ungers rely onDavis Airplane Sales, Inc., v. Groff, Miami App. No. 91 CA 11, 1991 WL 262082. In Davis Airplane Sales, it was assumed that Ohio law permits Ohio courts to exercise general jurisdiction.Smith v. Turfway Park, S.D. Dist. App. No. C-3-97-145, 1999 WL 33117268, at *3, citing Davis, supra. Davis Airplane Sales
provided that "Ohio's long arm statute permits the exercise of personal jurisdiction to the limits of due process and, therefore, discussed general jurisdiction, a principle of due process." Id. However, Davis Airplane Sales is no longer persuasive since the Ohio Supreme Court has subsequently rejected that position. Id., citing Goldstein v. Christiansen,70 Ohio St.3d 232, 1994-Ohio-229, 638 N.E.2d 541. Therefore, the Ungers' contentions are without merit.
 {¶ 8} Even if personal jurisdiction does depend on Ohio's long-arm statute, the Ungers contend that personal jurisdiction does exist under R.C. 2703.382(A)(1)(4)(8). CFR contends that regardless of CFR's connections with the State of Ohio, personal jurisdiction does not exist, because the accident in Florida does not arise out of any alleged contacts CFR has in Ohio.
 {¶ 9} The Supreme Court of Ohio has held that "[w]hen determining whether a state court has personal jurisdiction over a foreign corporation the court is obligated to engage in a two-step analysis. First, the court must determine whether the state's `long-arm' statute and applicable civil rule confer personal jurisdiction, and, if so, whether granting jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." U.S. Sprint CommunicationsCo. Ltd. Partnership v. Mr. K's Foods, Inc., 68 Ohio St.3d 181,183-184, 1994-Ohio-504, 624 N.E.2d 1048. Therefore, we must first determine whether Ohio's long-arm statute and applicable civil rule confer personal jurisdiction in this case.
 {¶ 10} Ohio's long-arm statute, R.C. 2703.382, provides, in pertinent part, as follows:
 {¶ 11} "(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
 {¶ 12} "(1) Transacting any business in this state;
 {¶ 13} "* * *
 {¶ 14} "(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
 {¶ 15} "* * *
 {¶ 16} "(8) Having an interest in, using, or possessing real property in this state[.]"
 {¶ 17} R.C. 2703.382 and Civ.R. 4.3 are consistent and complement each other. See Sprint, 68 Ohio St.3d at 184, fn. 2. Civ.R. 4.3(A) provides, in pertinent part, as follows:
 {¶ 18} "Service of process may be made outside of this state, as provided in this rule, in any action in this state, upon a person who, at the time of service of process, is a nonresident of this state or is a resident of this state who is absent from this state. `Person' includes an individual, an individual's executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:
 {¶ 19} "(1) Transacting any business in this state;
 {¶ 20} "* * *
 {¶ 21} "(3) Causing tortious injury by an act or omission in this state, including, but not limited to, actions arising out of the ownership, operation, or use of a motor vehicle or aircraft in this state;
 {¶ 22} "* * *
 {¶ 23} "(6) Having an interest in, using, or possessing real property in this state[.]"
 {¶ 24} Civ.R. 4.3 provides that service of process is proper upon a nonresident corporation where "a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose." R.C. 2703.382(C) similarly provides that "[w]hen jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him."
 {¶ 25} The Ungers' slip-and-fall claim did not arise out of any transactions by CFR in Ohio. The Ungers' slip-and-fall claim also did not arise out tortious injury caused in Ohio, because Lois Unger's injuries were a result of slipping and falling in The Cheesecake Factory in Florida. In addition, the Ungers' slip-and-fall claim does not arise out of CFR's interest in, use of, or possession of property in Ohio. Therefore, the Ungers have failed to assert a cause of action against CFR based on actions enumerated in R.C. 2703.382(A)(1)(4)(8) and have failed to show that CFR caused an event to occur out of which the claim that is the subject of the complaint arose from CFR's transacting any business in Ohio, causing tortious injury by an act or omission in Ohio, or having an interest in, using, or possessing real property in Ohio, as stated in Civ.R. 4.3. Ohio's long-arm statute, R.C. 2703.382, and applicable civil rule, Civ.R. 4.3, does not confer personal jurisdiction in this case. Because the Ungers have failed to meet step one of the personal jurisdiction analysis, we need not address step two to determine whether granting jurisdiction under the statute and the rule would deprive CFR of the right to due process of law pursuant to theFourteenth Amendment to the United States Constitution.
 {¶ 26} Even though the Ungers have failed to show that personal jurisdiction exists, we conclude that there is no final, appealable order for us to review in this case. In its judgment entry, the trial court stated "[t]herefore, because Ohio's Long Arm Statute and Civil Rule do not confer personal jurisdiction over the Cheesecake Factory, the Motion to Dismiss is hereby sustained." However, although the trial court found CFR's motion to dismiss to be well-taken, and sustained it, neither in that entry, nor in any other entry in the record that we have been able to find, has the trial court actually entered an order or judgment of dismissal. At most, the entry finding CFR's motion to dismiss to be well-taken amounts to an announcement of the trial court's decision. This could serve as the basis for a judgment of dismissal, but we have not found a journal entry in the record dismissing this cause. Therefore, there is no final order to confer appellate jurisdiction, and this cause remains pending for adjudication in the trial court.
 {¶ 27} Accordingly, the trial court erred when it overruled the Ungers' motion for leave to amend their complaint on the sole basis that the trial court had dismissed their original complaint, although this decision, also, remains interlocutory until the trial court enters a judgment or order dismissing the complaint, or otherwise adjudicating this cause of action.
 III {¶ 28} Because we conclude that there is no final, appealable order upon which to predicate appellate jurisdiction, this appeal is Dismissed.
Brogan, P.J., and Young, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).