UCKER, Appellant,

v.

TAYLOR et al., Appellees.

[Cite as *Ucker v. Taylor* (1991), 72 Ohio App.3d 777.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1037.

Decided March 5, 1991.

*Wristen & Ucker* and *Ellen L. Wristen,* for appellant.

*Timothy J. Taylor, pro se.*

WILLIAM J. MARTIN, Judge.

This is a timely appeal by the plaintiff, David A. Ucker, M.D., from the August 1, 1990 judgment of the Franklin County Municipal Court granting the defendants' Civ.R. 12(B)(2), (5), and (6) motion to dismiss, filed on July 12, 1990, under a "special appearance" only to contest jurisdiction.

Defendant Timothy J. Taylor at all relevant times was a resident of the state of Michigan and licensed attorney at law there. With reference to this action, he acted as an agent of his Michigan law firm. The plaintiff is a licensed medical doctor and resident of Ohio.

Plaintiff circulated advertisements nationwide in one or more legal publications outlining his professional background in certain types of medical malpractice cases and offering his services as an expert witness. On or about December 8, 1988, and in response to an advertisement, the defendants contacted plaintiff by letter requesting his services as an expert to review a

certain medical malpractice case in Michigan in which defendants were then serving as counsel. The plaintiff responded also by letter on or about December 14, 1988, outlining his terms for such employment (*i.e.*, $200 per hour with a $400 advance deposit; and $750 per half-day deposition if conducted in Columbus).

Around December 19, 1988, defendants tendered the $400 advance deposit and requested that the plaintiff review the malpractice file and render a written opinion. During late December 1988 through early January 1989, plaintiff expended his time to review the case and issue his opinion letter. A fee of $1,100 was charged to the defendants based upon five and one-half hours of work.

It is not disputed that on January 11, 1989, the defendants traveled to Columbus, Ohio, and then conducted a video deposition of plaintiff for Michigan trial purposes. Plaintiff charged an additional $750 for this service. Apparently prior to conducting the deposition on that date, the defendants paid an additional $540 to plaintiff on his fees. The total fee claimed by plaintiff amounted to $1,850, reduced by defendants' payment of $940, leaving a balance allegedly owed of $910.

When this balance remained unpaid, plaintiff filed suit in the Franklin County Municipal Court for alleged breach of contract on June 27, 1990. Ultimately, the trial court granted the defendants' motion, and dismissed the case apparently concluding that the defendants had not transacted business in Ohio sufficient for in personam jurisdiction to attach, and it cited as authority this court's decision in *Ohio State Tie & Timber, Inc. v. Paris Lumber Co.* (1982), 8 Ohio App.3d 236, 8 OBR 309, 456 N.E.2d 1309.

Plaintiff raises two assignments of error, to wit:

"I. The trial court erred in finding that defendants were not 'transacting any business in this state' within the meaning of ORC 2305.382(A)(1).

"II. The trial court's finding that defendants' involvement with the state of Ohio did not constitute transacting any business in this state was contrary to the manifest weight of the evidence."

As these assignments of error are interrelated, they will be addressed together. The plaintiff argues that the trial court's conclusion that the defendants' conduct did not constitute the transaction of any business in Ohio and, therefore, he had no minimum contacts with this state, is erroneous. We agree.

Shortly before the briefing of this case, the Ohio Supreme Court decided the case of *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 559 N.E.2d 477, and therein discussed the phrase "transacting

any business in this state" as it appears in R.C. 2307.382 and Civ.R. 4.3(A)(1), which are applicable to this case. That court defined this phrase to include the prosecution of negotiations, to carry on business, and to have dealings with. *Id.* at 75, 559 N.E.2d at 479–480. R.C. 2307.382(A)(1) authorizes a court to exercise personal jurisdiction over a nonresident defendant, while Civ.R. 4.3(A)(1) provides for the service of process to place into effect that jurisdiction. The "reasonableness" of jurisdiction may be established upon a lesser showing of "minimum contacts" *per se.* See *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528.

As this court has previously held in *Ohio State Tie & Timber, Inc., supra,* the language "transacting any business" requires an " * * * actual transaction of business, not just an impact on Ohio commerce. * * *" *Indus. Comm. v. First National Bank of St. Paul* (May 16, 1989), Franklin App. No. 88AP–1013, unreported, 1989 WL 52987. Therein lies a distinguishing factor in *Ohio State Tie & Timber, Inc.* from our case *sub judice,* because in *Ohio State Tie & Timber, Inc.,* we determined that the mere ordering of goods from this state by telephone, without more, did not constitute the "transaction of business" as such. The trial court's reliance on that decision was misplaced, given the facts of this case.

■■■ *Sub judice,* the defendants personally came into this state and clearly conducted professional business herein, to wit: the practice of law, by conducting the deposition of the plaintiff in this forum. Personal jurisdiction does not even require physical presence in the forum state. *Burger King Corp., supra;* and *Gold Circle Stores v. Body Maven, Inc.* (S.D.Ohio 1988), 711 F.Supp. 897, applied. It should be noted that the defendants were properly served with process by certified mail as of July 6, 1990.

We are persuaded that this case is more properly governed by our reasoning as set forth in *First National Bank of St. Paul, supra,* with reference to *World–Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490, and *Burger King Corp., supra.* See, also, *Anilas, Inc. v. Kern* (1987), 31 Ohio St.3d 163, 31 OBR 366, 509 N.E.2d 1267; and *Nationwide Federal Credit Union v. Monroe* (Oct. 11, 1990), Franklin App. No. 90AP–344, unreported, 1990 WL 152928.

■■■ Engaging in the practice of law in this state falls within the plain and common meaning of the phrase "transacting any business" as employed in R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1).

Given the facts of this case and for the foregoing reasons, the plaintiff's assignments of error are sustained, the judgment of the trial court is re-

versed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and JOHN C. YOUNG, JJ., concur.

WILLIAM J. MARTIN, J., of the Carroll County Common Pleas Court, sitting by assignment.