OPINION
This is an appeal from the Trumbull County Court of Common Pleas. Appellants, Thomas R. Huskin and Deborah Huskin, a.k.a. T.J. Rodgers, d.b.a. Fireball Studios, appeal from the trial court's judgment entry dated May 28, 1999, overruling their motion for relief from judgment.
On September 23, 1997, appellants filed a complaint against appellee, Daniel T. Pappse, d.b.a. Freeman James Productions, for breach of contract. Appellants are in the music business as performers and appellee is in the business of promoting musical artists and recording. Appellee sent certain promotional materials to appellants in the state of Ohio and contacted appellants by telephone. Subsequently, appellants paid $11,500 to appellee to prepare a recording and traveled to Minnesota.
Appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(2) on October 10, 1997, regarding lack of jurisdiction because of insufficient contacts. On November 21, 1997, appellants filed their brief in opposition to appellee's motion. In a judgment entry dated January 2, 1998, the trial court granted appellee's motion to dismiss for want of personal jurisdiction explaining that any activities that took place in Ohio were "insufficient to create personal jurisdiction." Moreover, the trial court determined that appellee "never entered Ohio, did not regularly transact business in Ohio, and all contractual work was performed in Minnesota."
On February 3, 1998, appellants filed a notice of appeal from that judgment entry, which this court dismissed on June 8, 1998, because appellants failed to timely perfect their appeal by filing the notice of appeal more than thirty days after the judgment of the trial court and by not attaching an affidavit from the trial court clerk as required. State ex rel. Hughes v. Celeste (1993),67 Ohio St.3d 429, 431; see, also, Swarmer v. Swarmer (Dec. 18, 1998), Trumbull App. No. 97-T-0212, unreported.
On December 30, 1998, appellants filed a motion for relief from judgment. On March 22, 1999, appellee submitted a brief in opposition to appellants' motion. The trial court overruled appellants' motion for relief on May 28, 1999. It is from that entry that appellant filed the instant appeal and now asserts the following as error:
 "The trial court erred in failing to grant appellants [sic] relief from judgment inasmuch as all of the requirements of Ohio Civil Rule 60(B) were met."
 Appellants' sole contention is that the trial court erred in not granting their relief from judgment.
To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense if relief is granted, (2) entitlement to the relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. GTE Automatic Elec. v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. In re Jane Doe I (1991), 57 Ohio St.3d 135, 137;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In the case at bar, appellants wanted relief from judgment based on Civ.R. 60(B)(2) "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)," and Civ.R. 60(B)(3) "fraud * * *, misrepresentation or other misconduct of an adverse party * * *". However, they did not demonstrate that there was newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial, or that appellee committed any type of fraud.
Moreover, appellants argue that the trial court erred in dismissing the action for lack of jurisdiction. When determining whether a state court has personal jurisdiction over a nonresident defendant, courts are obligated to determine: (1) whether the state's "long-arm" statute and applicable rule of civil procedure confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law under theFourteenth Amendment to the United States Constitution. U.S. SprintCommunications Co., Ltd. Partnership v. Mr. K's Foods, Inc.
(1994), 68 Ohio St.3d 181, 183-184.
R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1) authorize a court to exercise personal jurisdiction over a nonresident defendant and provide for service of process to achieve that jurisdiction if the cause of action arises from the defendant's "[t]ransacting any business in this state." The term "transact" encompasses "`to carry on business' "and" `to have dealings,'" and is "`broader * * *than the word "contract"'". Kentucky Oaks Mall Co. v. Mitchell'sFormal Wear, Inc. (1990), 53 Ohio St.3d 73, 75. It has been held that personal jurisdiction does not require physical presence in the forum state. Id.; see, also, Ucker v. Taylor (1991),72 Ohio App.3d 777, 780.
While appellants are entitled to have the factual allegations sustaining personal jurisdiction construed in their favor, they must nevertheless first plead or otherwise make a prima facie showing of jurisdiction over appellee. Jurko v. Jobs EuropeAgency (1975), 43 Ohio App.2d 79, 85.
In the instant matter, appellee entered into a contract with appellants. However, it appears from the record that the contract was executed in Minnesota between a Minnesota corporation and appellants, who were Ohio residents.
Appellants have not demonstrated that appellee owned any property or had an office in Ohio. Appellee's only contact with Ohio consisted of telephone calls, faxes, and mailings.[1]
Frequent mail and telephone communications between two companies in different states are considered commercial contacts and are not "`purposefully directed'" to Ohio in a way that would lead the foreign corporation to realize that it could be haled into an Ohio court. Friedman v. Speiser (1988), 56 Ohio App.3d 11, 14. Thus, the "commercial contacts" did not prove that appellee had sufficient contact with Ohio.
Since appellants have failed to prove the minimum contacts with Ohio required to establish in personam jurisdiction, it is our determination, after reviewing the record, that the trial court did not abuse its discretion in overruling appellants' motion for relief from judgment.
For the foregoing reasons, appellants' assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.
[1] Attached to appellants' motion for relief from judgment were the affidavits of Thomas Varga ("Varga") and Anthony Pulizzi ("Pulizzi"). Appellants attached the affidavits to demonstrate that appellee was doing more business in Ohio than he indicated because at the same time appellee was transacting business with appellants, he was also transacting business with Varga and Pulizzi. However, in our view, these two documents do not provide a substantive showing that appellee was transacting business of a different character than appellants otherwise have shown that would establish a basis for personal jurisdiction over appellee.