**Darrell J. BIRD, Plaintiff,**

v.

**Marshall PARSONS, et al., Defendant.**

**No. C–3–00–266.**

United States District Court,
S.D. Ohio,
Western Division.

Nov. 27, 2000.

Darrell J. Bird, Dayton, OH, pro se.

Marshall Parson, San Jose, CA, pro se.

Richard S. Lovering, T. Earl LeVere, Stephen C. Gray, Bricker & Eckler, Columbus, OH, for Stephen Vincent, George DeCarlo, Dotster, Inc.

Martin A. Beyer, Kevin A. Bowman, Sebaly Shillito & Dyer, Dayton, OH, for Afternic.Com Inc.

### DECISION AND ORDER

MERZ, United States Magistrate Judge.

This case is before the Court on Motions to Dismiss of Defendant Afternic.com, Inc. (Doc. # 18) and of Defendants Dotster, Inc., Stephen Vincent, and George DeCarlo (Doc. # 25). The issues have been thoroughly briefed by the parties (Doc.## 23, 27, 29, 31, & 33). The case is also before the Court on Defendants' Motions to Stay Discovery (Doc.## 35, 36).

The parties have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the case has been referred on that basis (Doc. # 34).

All Defendants seek dismissal under Fed.R.Civ.P. 12(b)(6). The purpose of that Rule is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993), citing *Nishiyama v. Dickson County, Tennessee,* 814 F.2d 277, 279 (6th Cir.1987). Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 294 (1990).

The test for dismissal under Fed. R.Civ.P. 12(b)(6) is a stringent one:

[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993), quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59(1984); *Monette v. Electronic Data Systems Corp.,* 90 F.3d 1173, 1189 (6th Cir.1996). For purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Westlake v. Lucas,* 537 F.2d 857 (6th Cir.1976); *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485 (6th Cir.1990). To survive a motion to dismiss under Fed. R.Civ.P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th

Cir.1988); *followed Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236 (6th Cir.1993); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101 (6th Cir.1995). The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Bare assertions of legal conclusions are not sufficient. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *Sogevalor S.A. v. Penn Central Corp.*, 771 F.Supp. 890, 893 (S.D.Ohio 1991). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.*, citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); see also 5A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1357 at 311–318 (1990).

■ Defendants Dotster, Inc., Stephen Vincent, and George DeCarlo (the "Dotster Defendants") also seek dismissal under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. The party asserting the Court has personal jurisdiction has the burden of proving it. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991); *Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir.1974).

The Complaint purports to state claims for relief for violation of both trademark and copyright rights against all Defendants. Plaintiff avers that he is the owner of the registered trademark Financia and operates a computer software business under the trade name Financia, Inc., continuously since 1983. He is also the registered owner of Internet domain names financia.com, financiaco.com, financia.net, financia.org, and worldfinancia.com. (Complaint, ¶ 5). On February 10, 2000, Defendant Marshall Parsons registered the domain name eFinancia.com with Defendant Dotster (Id., ¶ 6). Virtually immediately, the domain name was offered for sale at auction on a website maintained by Defendant Afternic.com, Inc. (Id., ¶¶ 7, 8).

With respect to personal jurisdiction over the Dotster Defendants, the Complaint merely alleges that this Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338 and 1400; it does not plead any facts in support of personal jurisdiction. The first two of the referenced code sections grant this Court subject matter jurisdiction over this controversy. § 1400(a) is a venue statute which provides that copyright actions in the district where the defendant resides or may be found. None of these statutes speaks to the question of personal jurisdiction.

None of the parties has submitted any evidentiary materials on the question of personal jurisdiction, leaving the Court to decide it from the pleadings alone. The Complaint states the addresses of the Dotster Defendants to be in the State of Washington.

This Court's authority to exercise personal jurisdiction over a defendant depends on its authority properly to cause its process to be served on that Defendant. Fed.R.Civ.P. 4(k). Service here was made by certified mail at the addresses stated in the Complaint (See Returns of Service, Doc.## 11, 12, 13). Since no federal statute cited by the parties authorizes service under such circumstances, the Court must turn to Fed.R.Civ.P. 4(k)(1)(A) to ask whether these Defendants could be subjected to the jurisdiction of the Court of Common Pleas of Ohio.

■ When determining whether a state court has personal jurisdiction over a nonresident defendant, the court is obligated to (1) determine whether the state's "longarm" statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution. *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 235, 638 N.E.2d 542, 543 (1994), citing *U.S. Sprint Communications Co., Ltd. Partner-*

*ship v. Mr. K's Foods, Inc.,* 68 Ohio St.3d 181, 183–84, 624 N.E.2d 1048, 1051 (1994).

■ This analysis is not conflated into one step because Ohio's long-arm statute does not reach to the limits allowed by the Constitution. *Cole v. Mileti,* 133 F.3d 433, 436, (6th Cir.1998) citing *Goldstein,* 638 N.E.2d at 545, n. 1. On this point, *Cole* overrules a long-standing analysis of Ohio law by the Sixth Circuit. See *In–Flight Devices v. VanDusen Air, Inc.,* 466 F.2d 220 (6th Cir.1972); *Creech v. Roberts,* 908 F.2d 75 (6th Cir.1990); *CompuServe, Inc. v. Patterson,* 89 F.3d 1257 (6th Cir.1996).

■ The Court must then first determine whether Ohio's long-arm statute and cognate Rule of Civil Procedure reach this controversy. Ohio Revised Code § 2307.382 provides:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply goods or services in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

\*　　\*　　\*　　\*　　\*　　\*

(C) When jurisdiction over a person is based solely on this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

Ohio R. Civ. P. 4.3 is parallel. Ohio Revised Code § 2307.382 creates a limited basis for exercise of personal jurisdiction when the litigation is based on one of the acts set forth in the statute. Plaintiff has not alleged any acts of the Dotster Defendants which come within Ohio Revised Code § 2307.382. Thus these Defendants are entitled to dismissal for lack of personal jurisdiction. Since such a dismissal would be without prejudice, the Court proceeds to the Rule 12(b)(6) analysis of whether the Complaint states a claim for relief.

■ All Defendants seek dismissal of the trademark claims on the grounds that what they are alleged to have done—registration of the eFinancia.com name in the case of the Dotster Defendants and maintenance of an auction site on which it was offered for sale in the case of Afternic.com, Inc.—do not constitute a "use" of the registered trademark which is actionable under the Lanham Act, even as amended by the Anti–Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

Defendants' position is well taken. Registration of a domain name does not constitute use within the trademark laws. *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980 (9th Cir.1999). The same logic applies to providing a site at which domain names can be sold. While Plaintiff criticizes the *Lockheed Martin* case, as Defendants point out it has been consistently followed by other courts. Plaintiff offers no evidence that the ACPA was adopted to somehow overrule the *Lockheed Martin* decision and indeed 15 U.S.C. § 1125(d)(1)(D) provides that a person shall be liable under the Act for using a domain name only if that person is the domain name registrant. Thus all Defendants are entitled to dismissal of the trademark claims.

■ With respect to the copyright claim, Defendants all point out that Plaintiff cannot claim a copyright in a single word such as "Financia." *Harper & Row, Publishers v. Nation Enterprises,* 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985). Thus Plaintiff's copyright claims are also without merit.

Because Plaintiff's claims are such that he cannot amend the Complaint so as to state a claim against either Afternic or the Dotster Defendants, the Clerk will enter judgment dismissing the Complaint as to all those Defendants with prejudice under Fed.R.Civ.P. 12(b)(6).

The sole remaining Defendant, Marshall Parsons, is proceeding *pro se* and litigation between the Plaintiff and him may be more protracted. There is, therefore, no just cause to delay entry of final judgment as to the moving Defendants and the Court directs, pursuant to Fed.R.Civ.P. 54(b), that the judgment of dismissal be final as to them.

The Motions to Stay Discovery are moot.