OPINION
Appellant Midwest Offset Printing Company is engaged in the printing business in Tuscarawas County, Ohio. Appellee Vitamin Power, Inc., is a business located in Freeport, New York, engaged in the mail order sale of vitamins and other products. Appellant brought the instant action in the Tuscarawas County Common Pleas Court claiming that appellee owed appellant $20,984.14 for brochures and catalogs appellant printed for appellee. Appellee filed a motion to dismiss, arguing that pursuant to Civ.R. 4.3, the court did not have personal jurisdiction over appellee. Appellee argued that the Civil Rules did not authorize service of process over appellee in this action. Appellee attached an affidavit of David Freidlander, President of appellee, claiming that all business agreements regarding the invoices for catalogues printed for appellee were entered into in the state of New York with R.L. Associates, who appellee claimed was appellant's agent. Appellant responded, attaching an affidavit of Gene Cush, the Director of Sales for appellant. Mr. Cush stated in his affidavit that over several years, the parties established a relationship wherein appellee ordered print brochures and catalogues from appellant, which described appellee's vitamins products. Appellee was represented in these contracts by an advertising agent. The affiant stated that some of the catalogues were shipped to appellee in New York, and some were shipped directly to distributors at appellee's instruction, including authorized distributors in Ohio. Mr. Cush further stated in his affidavit that appellee or appellee's agent supplied discs and boards to appellant, which were transferred to negatives and printing plates and used by appellant in the printing presses. The court dismissed the action, finding that the relationship between the parties did not constitute transacting business in the state within the meaning of Civ.R. 4.3 (A)(1), as a prerequisite for out-of-state service of process on appellee. The court dismissed the case without prejudice. Appellant assigns a single error:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DISMISSING THE CASE BECAUSE OF IMPROPER VENUE, AND LACK OF AMENABILITY OF DEFENDANT TO SERVICE OF PROCESS IN OHIO.
The determination of whether a court has in personam jurisdiction over a non-resident requires a two-step analysis. First, the court must look to the words of the forum state's long-arm statute or applicable rule to determine whether jurisdiction lies under the facts of a given case. Second, if the long-arm statute or rule authorizes the exercise of personal jurisdiction, then the court must decide whether assertion of jurisdiction would violate due process of law. Goldstein v. Christiansen (1994), 70 Ohio St.3d 232, 235. Under Ohio's long-arm statute and Civil Rules, a court may exercise personal jurisdiction over a person or his agent as to any cause of action arising from that person transacting any business in this state. R.C. 2307.382; Civ.R. 4.3 (A)(1). Both the statute and rule are worded very broadly concerning the transaction of business. Kentucky Oaks Mall Company v. Mitchell's Formal Wear, Inc. (1990), 53 Ohio St.3d 73, 75, cert. denied (1991), 499 U.S. 975. "Transact" means to prosecute negotiations, carry on business, or to have dealings in the forum state. Id. The word "transact" embraces in its meaning the carrying on or the prosecution of business negotiations, and is a broader term than the word "contract", which may involve negotiations which have wholly or partly been brought to a conclusion. Id. The fact that a defendant maintains no physical presence in Ohio does not preclude a finding that it transacted business in this state. Id. at 76. In fact, the United States Supreme Court has recognized that it is an inescapable fact of modern commercial law that a substantial amount of business is transacted solely by mail and wire communications across state lines, obviating the need for physical presence within the state in which the business is conducted. Burger King Corp. v. Rudzewicz (1985),471 U.S. 462, 476. So long as a commercial actor's efforts are purposely directed towards residents of another state, the Supreme Court has consistently rejected the notion that an absence of physical contact can defeat personal jurisdiction. Id. In the instant case, the court erred in concluding that appellee had not transacted business in Ohio. Despite the fact that the parties dealt through an advertising agency in New York, the record establishes that appellee purposely entered into a contract for the printing of catalogues by appellant, an Ohio company. Appellee sent discs and boards containing text and pictures of appellee's product to appellant for use in the printing process. Appellant then shipped some of the catalogues to appellee in New York, and shipped others to distributors at the direction of appellee, including several distributors located in Ohio. The entire process of printing the catalogues involved cooperation between the parties. Clearly, appellee has transacted business in Ohio. We next turn to the question of whether Ohio's assertion of personal jurisdiction over appellee comports with the Fourteenth Amendment due process clause. A state may assert personal jurisdiction over a non-resident defendant if the non-resident has certain minimum contacts with it, such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Company v. Washington (1945), 326 U.S. 310, 316. A non-resident defendant has purposefully established minimum contacts where the contacts resulted from actions by the defendant himself that create a substantial connection with the forum state, where the defendant deliberately engaged in significant activities in the state, or where the defendant has created continuing obligations between himself and residents of the forum state. Burger King, supra, at 475-76. Where the defendant has manifestly availed himself of conducting business within a state, and his activities are shielded by the benefits and protections of the forum's laws, it is presumptively not unreasonable to require him to submit to the burdens of litigation in the forum state as well. Id. In the instant case, by entering into a contract with appellant, appellee has created continuing obligations between itself and a resident of Ohio. Appellee has availed itself of conducting business within Ohio, and it is therefore not unreasonable to require appellee to submit to litigation in Ohio.
The Tuscarawas County Common Pleas Court erred in concluding that it lacked personal jurisdiction over appellee. The assignment of error is sustained.
The judgment dismissing the complaint is vacated, and this cause is remanded to the Tuscarawas County Common Pleas Court for further proceedings according to law.
Gwin, P.J., Wise, J., and Edwards, J., concur