**Christine KEMPER, Plaintiff,**

v.

**SALINE LECTRONICS, Defendant.**

**No. 3:03 CV 7470.**

United States District Court,
N.D. Ohio,
Western Division.

Dec. 17, 2004.

Mark A. Davis, Toledo, OH, for Plaintiff.

George S. Fish, Raymond & Prokop, Southfield, MI, Kathleen W. Kolodgy, Maloney & McHugh, Toledo, OH, for Defendant.

## MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on the Motion of Defendants Les Begin, Steve Kasper, Gary Hanlin, and Mario Sciberras to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 57). Plaintiff has filed a response (Doc. No. 58), Defendants a reply (Doc. No. 59), and Plaintiff a surreply (Doc. No. 60). Also before the Court is the Motion of Defendants John O'Neill, O'Neill Family LLC, and Amherst Turner to Dismiss for Lack of Personal Jurisdiction (Doc. No. 67), to which Plaintiff has filed a reply and motion to strike affidavits (Doc. No. 68). For the reasons set forth below, the motions of the individual defendants to dismiss for lack of personal jurisdiction are granted. Plaintiff's motion to strike affidavits is denied.

### BACKGROUND

Plaintiff, an Ohio resident, has sued two corporate entities, LH Manufacturing d/b/a/ Q-tronics ("Q-tronics") and Saline Lectronics, and several individuals she claims were associated with those entities, alleging breach of contract, unjust enrichment, fraud, securities violations, breach of fiduciary duty, conversion, breach of bailment, fraudulent transfer, negligent supervision, conspiracy, successor liability, and alter ego liability. All of the defendants are residents of Michigan. Defendants Amherst Turner ("Turner") and John O'Neill ("O'Neill") were shareholders of Q-tronics. Plaintiff alleges Defendant O'Neill Family LLC was the alter-ego of O'Neill. Defendants Les Begin ("Begin"), Steve Kasper ("Kasper"), and Gary Hanlin ("Hanlin") were directors and shareholders of Q-tronics. Defendant Mario Sciberras ("Sciberras") was a consultant to Q-tronics and is the president of Saline Lectronics.

Ted Ralston ("Ralston"), Plaintiff's ex-husband and the former president of Q-

tronics, arranged for her to make a loan of $100,000 to the company, in exchange for a promissory note in the amount of $130,000. Ralston represented to Plaintiff that the company would make good on the loan, and forged Kasper's signature on the loan agreement. Plaintiff claims Q-tronics made $20,000 in payments, but then discontinued payment. Q-tronics has fired Ralston, but has not paid Plaintiff the remainder of the money.

Plaintiff further claims that while Q-tronics was insolvent, its owners changed its name to Saline Lectronics to avoid creditors, including Plaintiff, and executed a "Bill of Sale" and a "Surrender and Release" that were a coverup for this alleged fraud. Plaintiff points out that Saline Lectronics conducts the same operation as had Q-tronics, out of the same building. Defendants assert that Saline Lectronics purchased assets from Q-tronics but is a legally separate entity and not a successor in interest. Plaintiff claims Sciberras represented to Q-tronics creditors that Saline Lectronics was a separate company and would not assume any Q-tronics debt, but that Sciberras nevertheless arranged for Q-tronic's debts to a key supplier, Tekni-circuits, to be paid via invoice surcharges by Saline Lectronics.

Begin, Kasper, Hanlin (collectively, "the Director Defendants") and Sciberras have moved to dismiss Plaintiff's complaint against them for lack of personal jurisdiction, failure to state a claim, and failure to plead fraud with particularity (Doc. No. 57). Separately, Turner, O'Neill and the O'Neill family LLC have filed their own motion challenging this Court's jurisdiction (Doc. No. 67). These individual defendants claim their contacts with Ohio are insufficient for this Court to constitutionally exercise its jurisdiction over them.

## DISCUSSION

### A. Motion to Strike Affidavits

█ Plaintiff moves to strike the affidavits of Turner, O'Neill, the O'Neill Family LLC, Sciberras, Begin, Kasper, and Hanlin, because these affidavits do not explicitly state that their averments are based on personal knowledge and, in some cases, state legal conclusions. While Rule 56(e) requires that affidavits "shall be made on personal knowledge," the Rule does not require affiants to use any specific "magic words." The contested affidavits contain mostly averments about the affiants themselves, of which they would naturally have personal knowledge. The Court will disregard averments of facts outside the affiants' personal knowledge and statements of legal conclusions. Plaintiff's Motion to Strike Affidavits is denied.

### B. 12(b)(2) Motion to Dismiss Standard

In response to a motion to dismiss for lack of personal jurisdiction, the burden is on the plaintiff to demonstrate that jurisdiction is proper. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261–62 (6th Cir.1996). "Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews d/b/a Matthews Lumber Transfer*, 935 F.2d 1454, 1458 (6th Cir.1991) (citing *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989)). The method selected is left to the discretion of the district court. *Id.* Further, "in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or

otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen,* 935 F.2d at 1458 (quoting *Weller v. Cromwell Oil Co.,* 504 F.2d 927, 930 (6th Cir.1974)); *Serras,* 875 F.2d at 1214. The district court's choice determines the weight the plaintiff's burden. *See Dean,* 134 F.3d at 1272; *Theunissen,* 935 F.2d at 1458; *Serras,* 875 F.2d at 1214.

> "When ... a district court rules on a jurisdictional motion to dismiss ... without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff ... To defeat such a motion, [the plaintiff] need only make a prima facie showing of jurisdiction. Furthermore, a court ... does not weigh the controverting assertions of the party seeking dismissal ..."

*Dean,* 134 F.3d at 1272 (quoting *CompuServe,* 89 F.3d at 1262). Dismissal is proper where the facts taken together fail to establish a *prima facie* case for personal jurisdiction. *CompuServe,* 89 F.3d at 1262.

"In dealing with a diversity case, we look to the law of the forum state to determine whether personal jurisdiction exists." *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721 (6th Cir.2000). That is, personal jurisdiction exists over a nonresident "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir.2002) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 954 F.2d 1174, 1176 (6th Cir.1992)). In *Bird,* however, the court stated:

> We have recognized that Ohio's long-arm statute is not conterminous with federal constitutional limits. *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721 (6th Cir.2000) (noting that "the Ohio Su-

preme Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause") (citing *Goldstein v. Christiansen,* 70 Ohio St.3d 232, 638 N.E.2d 541, 545 n. 1 (1994)) (per curiam). Nevertheless, in evaluating whether personal jurisdiction is proper under Ohio's long-arm statute, we have consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend "traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); *Cole v. Mileti,* 133 F.3d 433, 436 (6th Cir.1998) (addressing the due process concerns rather than inquiring into the propriety of jurisdiction under Ohio's long-arm statute).

*Bird,* 289 F.3d at 871–72.

Personal jurisdiction may be based on either general or specific jurisdiction. *Id.* at 873. "General jurisdiction is proper only where 'a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Id.* (quoting *Third Nat'l Bank in Nashville v. WEDGE Group Inc.,* 882 F.2d 1087, 1089 (6th Cir.1989)). In contrast, specific jurisdiction is proper under circumstances "where a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Id.* at 874 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Specific jurisdiction may be based on a single act. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.,* 91 F.3d 790, 794 (citing *McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 222, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)).

Specific jurisdiction exists, consistent with due process, if a defendant's contacts with the forum state satisfy all three prongs of the test set forth in *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968):

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

"[J]urisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir.1974) (so holding despite allegations that the corporation was the alter-ego of the individual defendants). "On the other hand, their status as employees does not somehow insulate them from jurisdiction." *Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 1487, 79 L.Ed.2d 804 (1984). The Sixth Circuit has held that:

[T]he mere fact that the actions connecting defendants to the state were undertaken in an official rather than personal capacity does not preclude the exercise of personal jurisdiction over those defendants. Hence, where an out-of-state agent is *actively* and *personally* involved in the conduct giving rise to the claim, the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; i.e., whether she personally availed herself of

the forum and the reasonably foreseeable consequences of that availment.

*Balance Dynamics Corp. v. Schmitt Indus. Inc.*, 204 F.3d 683, 698 (6th Cir.2000) (emphasis added).

### C. *Begin, Kasper, Hanlin, and Sciberras*

Defendants Begin, Kasper, Hanlin, and Sciberras filed affidavits in support of their motion to dismiss. Though these affidavits accompanied Defendants' reply brief, Plaintiff has had the opportunity for a sur-reply.[1] Therefore, as stated above, to defeat the individual defendants' motion to dismiss under Rule 12(b)(2), Plaintiff may not rest on the allegations in her complaint, but must set forth, by affidavit or otherwise, specific facts showing that the Court has jurisdiction. Though Plaintiff alleges jurisdiction over the Director Defendants is proper under numerous theories, Plaintiff has failed to go beyond her complaint and set forth specific facts demonstrating jurisdiction.

■ Plaintiff's assertion that jurisdiction over the Director Defendants is proper because this Court previously entered a default judgment against Q-tronics and because Plaintiff has alleged in her complaint that Q-tronics was the alter-ego of the Director Defendants fails because, as stated above, jurisdiction over the individual may not be predicated merely upon jurisdiction over the corporation, even where Plaintiff alleges that the corporation is the individual defendants' alter-ego. Moreover, even if jurisdiction over the corporation could be imputed to the individual defendants in such a situation, Plaintiff has not put forth any specific facts, as opposed to conclusory allegations, demonstrating

---

**1.** Kasper's affidavit was filed after Plaintiff filed her sur-reply. However, Kasper's affidavit is identical in material substance to those filed by Begin and Hanlin, all of whom Plain-

tiff has grouped together as "the Director Defendants" and treated as identically situated.

that Q-tronics was in fact the Director Defendants' alter ego.

■ Plaintiff also claims that Sciberras and Ralston acted as agents of the Director Defendants, and that the allegedly tortious conduct of these purported agents confers jurisdiction over the Directors. However, Plaintiff has not set forth any specific facts showing that Sciberras and/or Ralston at any time acted as agents of the Director Defendants individually, rather than as agents of the respective corporate entities. Additionally, Plaintiff has not presented specific facts to support her allegations that the Defendant Directors breached a duty to adequately supervise Ralston and Sciberras.

■ Plaintiff has broadly alleged that "Defendants," assumably including the Director Defendants, engaged in fraudulent transfers that harmed Ohioans; converted Plaintiff's money; issued fraudulent securities to Ohioans; and breached fiduciary duties to Ohio creditors. However, Plaintiff has presented no specific facts showing how the Director Defendants were involved in such conduct.

■ Plaintiff alleges jurisdiction over Sciberras is proper because Sciberras falsely stated to creditors, including Plaintiff, that Saline Lectronics had no connection to Q-tronics and would not assume Q-tronics' debt. Plaintiff has responded to Sciberras's motion to dismiss with the affidavit and supporting materials of Bill Broadridge, an officer of Teknicircuits, a supplier to Q-tronics and Saline Lectronics. Mr. Broadridge's averments and the attached e-mails between Broadridge and Sciberras provide evidence that Sciberras actively and personally arranged for Saline Lectronics to pay debts owed by Q-tronics to Teknicircuits, in order to keep the supply of parts flowing to Saline Lectronics. Plaintiff has, however, failed to go beyond her complaint and put forth any specific evidence showing that Sciberras made any

representations to Ohio-based creditors whatsoever. Plaintiff has therefore failed to make a prima facie showing jurisdiction.

In sum, Plaintiff has failed to meet her burden of setting forth specific facts, beyond those alleged in her complaint, showing that this Court has personal jurisdiction over the Director Defendants and Sciberras. So finding, the Court determines it is not necessary to reach the Defendants' claims for failure to state a claim and failure to plead fraud with particularity. The motion of Begin, Kasper, Hanlin, and Sciberras to dismiss is granted.

### D. Turner, O'Neill, and O'Neill Family LLC

Defendants Turner and O'Neill have supported their motion to dismiss with sworn affidavits declaring that they became minority shareholders of LH Manufacturing in January, 2002, two years after Ralston executed the contract with Plaintiff, that they at no time served as officers or directors of that corporation, and were never involved in its management. The O'Neill Family LLC's affidavit disclaims any connection to LH Manufacturing. While the Court does not weigh the assertions of the party seeking dismissal, it is Plaintiff's burden to affirmatively identify facts supporting jurisdiction.

■ In her response to Turner's, O'Neill's, and the O'Neill Family LLC's motion to dismiss, after spending much of her time rehashing arguments against the dismissal of Sciberras and the Director Defendants, Plaintiff asserts that the corporate veil should be disregarded as to Turner, O'Neill, and the O'Neill Family LLC and that for the purposes of jurisdiction the actions of Ralston and Sciberras should be attributed to those defendants. However, Plaintiff presents no facts showing that the corporate Defendants were

the alter egos of Turner, O'Neill, or the O'Neill Family LLC. Because Plaintiff has put forth no specific facts, by way of affidavit or otherwise, showing that the Court has jurisdiction over these individual defendants, the Motion of Defendants John O'Neill, the O'Neill Family LLC, and Amherst Turner to Dismiss for Lack of Personal Jurisdiction is granted.

## CONCLUSION

Because Plaintiff has failed to set forth specific facts tending to prove the allegations supporting the exercise by this Court of personal jurisdiction over individual defendants Les Begin, Steve Kasper, Gary Hanlin, Mario Sciberras, Amherst Turner, John O'Neill, and the O'Neill Family LLC, their respective motions to dismiss for lack of personal jurisdiction (Doc. Nos. 57 & 67) are granted. Plaintiff's motion to strike affidavits (Doc. No. 68) is denied.

IT IS SO ORDERED.

## JUDGMENT ENTRY

For the reasons stated in the Memorandum Opinion filed contemporaneously with this entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that the motion of Defendants Begin, Kasper, Hanlin, and Sciberras to dismiss (Doc. No. 57) is granted.

FURTHER ORDERED that the motion of Defendants Turner, O'Neill, and O'Neill Family LLC to dismiss (Doc. No. 67) is granted.

FURTHER ORDERED that Plaintiff's motion to strike affidavits (Doc. No. 68) is denied.